**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYREE LAWSON,** | ) | |
| **Plaintiff** | ) | **C.A. No. 15-178 Erie** |
| | ) | |
| **v** | ) | |
| | ) | **Magistrate Judge Baxter** |
| **DOCTOR BIGGINS,** | ) | |
| **Defendant** | ) | |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.     INTRODUCTION

### A.     Relevant Procedural History

On July 20, 2015, Plaintiff Tyree Lawson, an inmate incarcerated at the State

Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), filed this *pro* se

civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Doctor Biggins, a dentist at

SCI-Forest  [ECF No. 3]. Plaintiff alleges that Defendant refused to provide medical treatment

for an abscess on the upper gum line of his mouth that "would erupt throughout the day causing a

yellowish-white liquid matter to discharge into his mouth and involuntarily swallowed." (ECF

No. 3, Complaint, at ¶ 6). As a result, Plaintiff claims that Defendant was deliberately indifferent

to his serious medical needs in violation of his rights under the eighth amendment to the United

States Constitution. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

---

[1]

The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF
Nos.4, 14).

Defendant filed an answer to the complaint on December 11, 2015, and the parties completed discovery on March 31, 2016. On August 2, 2016, Defendant filed a motion for summary judgment [ECF No. 19] arguing that Plaintiff has failed to state an Eighth Amendment claim as a matter of law. In response, Plaintiff has filed an "objection" to Defendant's motion and a counter-motion for summary judgment [ECF No. 25], as well as a brief in opposition to Defendant's motion and in support of Plaintiff's counter-motion [ECF No. 26]. This matter is now ripe for consideration.

**B.**     **Relevant Factual History[2]**

On January 11, 2012, Plaintiff was seen by Defendant for a sick call, complaining that a root canal he had done in 2004 was acting up. (ECF No. 21, Defendant's Concise Statement of Undisputed Material Facts, at ¶ 5). Defendant conducted an oral examination and took x-rays, which revealed that the former root canal on "tooth #13" was failing "due to appearance of apical abscess and a fistulous tract relieving that abscess." (Id. at ¶ 6). Defendant recommended extraction of the tooth, but Plaintiff insisted that he wanted to keep it, so Defendant offered to redo the root canal in an effort to resolve the abscess. (Id. at ¶¶ 7-8). Plaintiff agreed to have the root canal redone, and the procedure was performed on January 31, 2012. (Id. at ¶¶ 17, 22).

On September 10, 2013, x-rays of Plaintiff's teeth were taken, which revealed that tooth #13 had a small fistula remaining from the axillary canal laterally to the back of the root; thus, a

---

[2] The factual history set forth herein has been gleaned from Defendant's Concise Statement of Undisputed Material Facts [ECF No. 21], to the extent Defendant's factual statements are admitted or unopposed by Plaintiff, and/or are adequately supported by the medical evidence of record.

curette of the area was recommended. (Id. at ¶¶ 27, 29-30). On September 23, 2013, the small fistula of tooth #13 was curetted and Plaintiff was advised by Defendant that if pain symptoms persisted, extraction of the tooth was recommended. (Id. at ¶¶ 32-34). Plaintiff had a follow-up visit with Defendant on October 9, 2013, at which time the fistula was gone and was not symptomatic. (Id. at ¶ 36).

On October 11, 2014, Plaintiff submitted a sick call request stating that he had been suffering from irritating pain and a "puss [sic] bump which constantly drain[ed] into [his] mouth from [his] upper left gum line…." (ECF No. 28-2 at p. 2). Plaintiff was seen by Defendant on October 16, 2014, at which time Plaintiff reported "a bump above root canal had pus and now it is gone." (ECF No. 21, at ¶ 38). Defendant ordered an x-ray of tooth #13 which showed good resolution; tooth #13 was found asymptomatic and the fistulous tract was healed and did not exist. (Id. at ¶¶ 39-40). Defendant advised Plaintiff that extraction of the tooth was the next course of action if Plaintiff experienced problems in the future, and Plaintiff reiterated that he did not want to lose the tooth. (Id. at ¶ 41). Although Plaintiff claims that he continued to experience pain and symptoms from the abscess through March 2015, he never submitted another sick call request for dental care after his appointment on October 16, 2014. (Id. at ¶ 46).

## C.    Standards of Review

### 1.    Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary

judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere

pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

## 2.   *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>United States ex rel. Montgomery v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); <u>Freeman v. Department of Corrections</u>, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds).  <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II.   DISCUSSION

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." <u>Rouse v. Plantier</u>,

182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[3] involves the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" <u>White v. Napoleon</u>, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. <u>Estelle</u>, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." <u>Durmer</u>, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979), <u>quoting</u> <u>Bowring v. Goodwin</u>, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. <u>Clark v. Doe</u>, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

---

[3]

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth County Correction Institute Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

Here, Plaintiff makes clear that his deliberate indifference claim rests solely upon Defendant's alleged denial of treatment in response to Plaintiff's complaints in October 2014. (ECF No. 26, Plaintiff's opposition brief, at pp. 1-2, 5). Defendant counters that Plaintiff's dental records show that Plaintiff was not denied treatment, nor were his complaints ignored by Defendant, on and after October 16, 2014, as Plaintiff alleges. Rather, the dental records reflect that Defendant examined Plaintiff on October 16, 2014, and took x-rays of tooth #13, which revealed that the tooth was not symptomatic, and that the fistulous tract was healed and no longer existed. (ECF No. 22-1, Plaintiff's dental records, at p. 21). In fact, Plaintiff indicated at such time that the bump above his root canal was no longer evident (Id.), and later admitted that he was not experiencing pain at the time he was seen by Defendant (ECF No. 22-1, Plaintiff's Grievance #533411, at p. 2). Nonetheless, Plaintiff complains that he was refused antibiotics or pain medication.

It is apparent from the foregoing that Plaintiff received prompt dental care in response to his complaints in October 2014 and is simply disagreeing with Defendants' medical judgment, which is not actionable. White, 897 F.2d at 110 ("mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation). Moreover, Plaintiff's allegations that he continued to suffer from dental pain and drainage from the alleged abscess for approximately six months after his appointment of October 16, 2014, are unsupported by the dental records. In fact, the record establishes that Plaintiff never submitted another sick call request for dental care after October 16, 2014. (ECF No. 22-1, Defendant's Declaration, at p. 15, ¶ 49; ECF No, 28-1, Plaintiff's Declaration, at p. 5, ¶ 24). Plainly, Defendant could not have been deliberately

indifferent to Plaintiff's medical needs after October 16, 2014, since he was not made aware of any further difficulties. Thus, Defendant is entitled to the entry of summary judgment in his favor and against Plaintiff.

     An appropriate Order follows.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: March 9, 2017